UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


ASDRUBAL RAFAEL ROJAS CAGUANA,

     *Petitioner*,

v.                           Case No. 3:26-cv-1062-JEP-PDB

WARDEN, BAKER CORRECTIONAL
INSTITUTION, et al.,

     *Respondents.*

_____/

## **ORDER**

Petitioner, a detainee of the United States Immigration and Customs Enforcement, filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241, seeking, among other relief, an order directing Respondents to release him or alternatively, provide him with an individualized bond hearing pursuant to 8 U.S.C. § 1226(a). (Doc. 1 at 6-7). Petitioner is a citizen of Venezuela who entered the United States without inspection on December 21, 2023. (Doc. 4-1 at 1). Immigration authorities detained him and then released him on an order of recognizance on December 24, 2023. (*Id.* at 4). In March 2026, he was re-detained following a traffic stop. (*See id.* at 10; Doc. 4-2 at 5). He contends, among other things, that he is entitled to a bond hearing under 8 U.S.C. § 1226(a). (*See* Doc. 1 at 6). At the heart of this case is Petitioner's

contention that his detention is governed by 8 U.S.C. § 1226(a)—not § 1225(b)(2)(A). (*See generally* Doc. 1).

This Court previously addressed claims and arguments similar to those raised in this case, concluding that the Court has jurisdiction, but the relevant statutory language and context support the Federal Respondents' position that an alien without lawful admission who has resided in the United States for some appreciable period of time is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Diaz Lopez v. Dir. of Enf't of Removal Operations*, 817 F. Supp. 3d 1260 (M.D. Fla. 2026); *see also Lozano Sousa v. Ripa*, No. 3:25-cv-1617-JEP-PDB, 2026 WL 958794 (M.D. Fla. Mar. 27, 2026). However, on May 6, 2026, the Eleventh Circuit Court of Appeals took the opposite approach on the substantive issue under the INA, concluding that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." *Hernandez Alvarez v. Warden*, --- F.4th ---, No. 25-14065, 2026 WL 1243395, at *14 (11th Cir. May 6, 2026).[1] The Federal

---

[1] Although the mandate has not yet issued, the Eleventh Circuit's published opinion has immediate precedential effect. *See Martin v. Singletary*, 965 F.2d 944, 945 n.1 (11th Cir. 1992) (noting that a published opinion "is the law in this circuit unless and until it is reversed, overruled, vacated, or otherwise modified by the Supreme Court of the United States or by [the Eleventh Circuit] sitting en banc," and that a stay of the mandate "in no way affects the duty of . . . the courts in this circuit to apply now the precedent established by" the published opinion "as binding authority"); 11th Cir. IOP—Cir. R. 36.2 ("Under the law of this circuit, published opinions are binding precedent. The issuance or non-issuance of the mandate does not affect this result.").

Respondents concede that this Court is bound by the Eleventh Circuit's decision in this case. (Doc. 4). They argue, however, that this case is now moot because Petitioner has a scheduled bond hearing either on June 26 or 28, 2026. (*Id.* at 1, 2, 4-5).

The Court disagrees. Simply scheduling a bond hearing to take place approximately five weeks from now does not render the petition moot today. As the Federal Respondents concede, Petitioner is entitled to a bond hearing under 8 U.S.C. § 1226(a), and until he receives such a hearing, the issues presented here still "present[] a live controversy with respect to which the [C]ourt can give meaningful relief." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001).

Therefore, it is **ORDERED**:

1. The petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is **GRANTED** as to Petitioner's claim that he is entitled to an individualized bond under 8 U.S.C. § 1226(a).[2] Within **seven days** of this Order, Respondents shall either afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release Petitioner. If Respondents release Petitioner, they shall

---

[2] Insofar as Petitioner raises any other claims, the Court need not address them. *See Banks v. Dretke*, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

provide Petitioner with access to a telephone to arrange transportation from the detention facility.

2. The Clerk is **DIRECTED** to enter judgment granting the petition, terminate any pending motions as moot, and close this case.

**DONE AND ORDERED** in Jacksonville, Florida, on May 22, 2026.

_____

JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

c:
Counsel of Record

4